**GATES, Plaintiff-Appellee, v WISE, Defendant-Appellant.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1146.   Decided September 12th, 1946.

George W. Secrest, Warren, for plaintiff-appellee.
Joseph J. Cracium, Warren, for defendant-appellant.

## OPINION

By PHILLIPS, J.

This case comes before us on defendant's appeal on questions of law from a judgment of the court of common pleas of Trumbull County affirming a judgment of the municipal court of Warren, Ohio, entering judgment for plaintiff in his action against defendant for damages to his parked automobile sustained about seven o'clock on the morning of March 3, 1945, as the result of a collision of defendant's automobile therewith; and dismissing defendant's cross-petition filed therein seeking to recover a money judgment against plaintiff for personal injuries and damages to his automobile.

Plaintiff testified that he parked his automobile "at the edge of the macadam off to the" east "side of the" Howland Springs Road, headed in a northerly direction, as close to the lawns of abutting property owners as he could without parking thereon, for the purpose of removing accumulated frost from the windshield thereof; and returned to and was seated in his car waiting for defendant's car, the approach of which he had observed, to pass, when defendant drove his car into collision with the rear end of plaintiff's car damaging it to an extent not necessary to state herein; and that as his car was being pushed forward by defendant's car he steered it toward the center of the road to avoid a ditch situated in the vicinity of the collision.

In a statement made to the sheriff of Trumbull County defendant stated "that his windshield was frozen over" at the time of the accident; that the other car was parked on the easterly side of the Howland Springs Road, where he testified upon trial he first saw it "pretty close to a half mile down the road", "right out in the middle of the road, pretty close to the middle of the road", and later about 100 to 150 feet ahead of his car, which he drove with the windshield thereof "completely frozen over" and the window open on the driver's side thereof, "I imagine probably 200 feet or more like that", to the scene of the collision, during which time the condition of the windshield prevented him from seeing "ahead at all." He testified concerning the statement given to the sheriff "well, I told them parked in the middle of the road", and affirmatively answered the question, "Did you tell the sheriff's office that? That you were unable to see the other car and ran into the rear end?"

The testimony of the parties is in decided conflict as to the existence of any fog or other atmospheric condition of such a nature as created, as defendant contends, an emergency, which confronted him as he drove his automobile into collision with plaintiff's automobile, which relieved him from the obligations imposed by §6307-21 GC upon drivers of motor vehicles to operate them at such a speed as will enable such drivers to bring them to a stop within their assured clear distance ahead. Such testimony presented a question for the determination of the trial judge, who heard the case without the intervention of a jury, whose finding and judgment entered thereon we cannot disturb on the urged ground that they are against the manifest weight of the evidence.

The trial judge permitted defendant, called for cross-

examination by counsel for plaintiff, to testify over defendant's objection as follows:—

"Q. Did you afterwards have a talk with Mr. Gates about this accident?

"A. Well, Yes, after the accident he wanted to know what I was going to do about it, and I said, we will have a meeting and talk it over.

"Q. Did he later come back over to your house and talk about the accident?

"Q. During the visit afterwards did you not tell Mr. Gates that you would take care of the repairs on his car as soon as your car was repaired?

"A. As soon as I got my bills paid."

We do not believe, as counsel for defendant claims, that the quoted testimony supports his contention that the trial judge erred to defendant's prejudice in allowing plaintiff to testify relative to a compromise offer of settlement. See **17 O. Jur., page 300**, et seq.

Considering all the evidence heard by the trial judge as disclosed by the bill of exceptions submitted to us for review we are of opinion that in this case we cannot say as a matter of law that plaintiff was guilty of negligence which directly and proximately caused the damage to his automobile, of which he complains, or that the trial judge erred in refusing to find, as counsel for defendant contends he should have found, that plaintiff was guilty of such negligence. For a discussion of proximate cause see **Smith, Appellant, v Zone Cabs, a Partnership et al., Appellees, 135 Oh St 415**; and the unreported case of **John Zabach v Clyde Doolittle, Ashtabula County Appeals No. 470.**

We are of opinion that the evidence does not support the contention of counsel for defendant that plaintiff violated the provisions of §6307-83, GC.

The short bill of exceptions submitted to us in this case for review has been read carefully and as a result thereof we cannot agree with the contentions of counsel for the defendant that the finding and judgment of the trial judge were not "sustained by sufficient evidence and the law", or that the trial judge erred in dismissing defendant's cross-petition, or in any other respects urged by him.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.